IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,431

CHAD TAYLOR,
*Petitioner*,

v.

KRIS KOBACH, IN HIS OFFICIAL CAPACITY
AS SECRETARY OF STATE FOR THE STATE OF KANSAS,
*Respondent.*

SYLLABUS BY THE COURT

1.

K.S.A. 25-306b(b) provides that no person nominated for any national, state, county, or township office may cause his or her name to be withdrawn from nomination after the primary election, except as provided by that statute.

2.

K.S.A. 25-306b(b) provides one exception. It states that any person nominated for any national, state, county, or township office who declares that he or she is incapable of fulfilling the duties of office if elected may cause such person's name to be withdrawn from nomination by filing with the Secretary of State a written request signed by the person seeking to withdraw his or her nomination and acknowledged before an officer qualified to take acknowledgments of deeds.

3.

K.S.A. 25-306b(b) further provides that no name withdrawn as provided by law shall be printed on the ballots for such office for the general election.

4.

Based upon the challenge made in this case, a letter filed with the Secretary of State that recites "I, Chadwick J. Taylor, Democratic nominee for the United States Senate race, do hereby withdraw my nomination for election effective immediately and request my name be withdrawn from the ballot, pursuant to K.S.A. 25-306b(b)" complied with K.S.A. 25-306b(b). The Secretary of State thus has no discretion to refuse to remove Chadwick J. Taylor's name from the ballots, and mandamus is appropriate.

Original action in mandamus. Mandamus granted. Opinion filed September 18, 2014.

*Pedro L. Irigonegaray*, of Irigonegaray & Associates, of Topeka, argued the cause, and *Elizabeth R. Herbert*, of the same office, was with him on the petition for petitioner.

*Edward D. Greim*, of Kansas City, Missouri, argued the cause, and *Thomas E. Knutzen*, of the office of the Kansas Secretary of State, and *Bradley J. Scholzman*, of Hinkle Law Firm LLC, of Wichita, were with him on the brief for respondent.

*Thomas D. Haney*, of Stevens & Brand, L.L.P., of Topeka, was on the brief *amicus curiae* for David Orel.

The opinion of the court was delivered by

*Per Curiam*: This is an original action under Article 3, Section 3 of the Kansas Constitution by petitioner Chad Taylor against respondent Kansas Secretary of State Kris Kobach. Taylor seeks a writ of mandamus prohibiting Kobach from including Taylor's name on the ballot for the United States Senate in the November 4, 2014, general election. The heart of their controversy is whether Taylor's September 3, 2014, letter to Kobach requesting that his name be withdrawn from nomination for election complies with the requirements for withdrawal set forth in K.S.A. 25-306b(b). We hold that it does.

FACTS

During the August 5, 2014, Democratic Party primary for United States Senate for Kansas, Taylor received the most votes and was declared the winner by the State Board of Canvassers. Taylor and his campaign manager, Brandon Naylor, eventually drafted a letter of withdrawal from the Senate race and took the unsigned original to the Secretary of State's office around 4 p.m. on Wednesday, September 3, which was the latest date by which a candidate could withdraw to be left off the ballot in the November 4 election.

The body of Taylor's letter states in its entirety:

"I, Chadwick J. Taylor, Democratic nominee for the United States Senate race, do hereby withdraw my nomination for election effective immediately and request my name be withdrawn from the ballot, pursuant to K.S.A. 25-306b(b)."

Taylor signed the letter in front of a notary public who worked in the Secretary of State's office and left it for filing with that office.

The next day, September 4—the day after the statutory deadline for withdrawal— Taylor's attorney received a letter signed by Kobach. The letter stated:

"The purpose of this letter is to inform you that, after conferring with the office of the Kansas Attorney General, I have concluded that the written request filed by Mr. Taylor does not meet the requirements of K.S.A. 25-306b(b) because Mr. Taylor did not 'declare[] that [he is] incapable of fulfilling the duties of office if elected.' Therefore, Mr. Taylor's name will appear on the ballot for the office of United States Senator for the November 4, 2014, general election."

On September 9, Taylor filed with this court a petition for writ of mandamus and emergency motion for temporary restraining order. He also filed his memorandum in

3

support of his petition as well as his affidavit. Per those pleadings, Taylor seeks (1) an order directing Kobach to recognize and effectuate Taylor's letter of withdrawal from the United States Senate race and prohibiting Kobach from including Taylor's name on the ballot for the 2014 general election; (2) a temporary restraining order barring Kobach from printing ballots that identify Taylor as a candidate; and (3) such further relief deemed just and proper by this court. Taylor requested the court take immediate action because Kobach had publicly announced that the names of the candidates for the general election had to be finalized by September 18.

The next day, September 10, Kobach filed a notice regarding scheduling. In it, he confirmed that the list of candidates for the general election had to be finalized by September 18, because the statutory deadline for sending ballots to members of the United States Armed Forces serving overseas is 45 days before the general election, *i.e.*, September 20. Kobach represented that ballots would be prepared and printed on September 19.

On September 11, this court issued an order rejecting Kobach's suggestion of referral to a district court or commissioner and retaining our jurisdiction because of the expedited nature of the case and the necessity for an authoritative ruling. The court also stayed Taylor's emergency motion for temporary restraining order and ordered Kobach to file a response to Taylor's petition by noon on Monday, September 15. The court further ordered that any additional briefing also was required to be filed by noon that day.

Taylor timely filed a supplemental memorandum in support of his petition. Kobach also timely filed his response to the petition, which includes a 154-page appendix containing affidavits from two of his employees, letters of withdrawal from other candidates, and legislative history materials regarding K.S.A. 25-306b(b). After the deadline, Kobach also filed a supplemental affidavit from one employee, to which he attached additional letters of withdrawal from other candidates.

4

The court held oral argument in this mandamus matter on September 16.

ANALYSIS

Issue:  *The "pursuant to K.S.A. 25-306b(b)" language contained in Taylor's letter conforms to the statutory requirement that a withdrawing candidate declare he is "incapable of fulfilling the duties of office if elected."*

*Nature of relief requested*

We have held that "[m]andamus is a proceeding designed for the purpose of compelling a public officer to perform a clearly defined duty, one imposed by law and not involving the exercise of discretion." *State ex rel. Slusher v. City of Leavenworth*, 279 Kan. 789, Syl. ¶ 4, 112 P.3d 131 (2005). And "[u]nless the respondent's legal duty is clear, the writ should not issue." *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 620, 244 P.3d 642 (2010). "'"Whether mandamus lies is dependent upon an interpretation of the applicable procedural and substantive statutes, over which this court has unlimited review." [Citations omitted.]' [*Slusher*, 285 Kan. at 443]." *Svaty*, 291 Kan. at 620. The petitioner has the burden of showing a right to such relief. 291 Kan. at 620.

*Discussion*

The statutory subsection at the heart of the controversy in this mandamus action, K.S.A. 25-306b(b), provides in full:

"(b) *Any person who has been nominated by any means for any national*, state, county or township office *who declares that they are incapable of fulfilling the duties of office if elected may cause such person's name to be withdrawn from nomination by a*

5

*request in writing, signed by the person and acknowledged before an officer qualified to take acknowledgments of deeds.* Any such request shall be filed with the secretary of state in the case of national and state offices and with the county election officer in the case of county and township offices. Except as provided in subsection (d), in the case of national and state offices, any such request shall be filed within seven days, including Saturdays, Sundays and holidays, after the meeting of the state board of canvassers for the final canvass of primary election provided for in K.S.A. 25-3205, and amendments thereto. Except as provided in subsection (d), in the case of county and township offices, any such request shall be filed within 10 days after the meeting of the county board of canvassers to canvass the primary election as provided in K.S.A. 25-3104, and amendments thereto. *No name withdrawn as provided in this section shall be printed on the ballots for such office for the general election.*" (Emphasis added.)

For ease of reference, we repeat the entire body of Taylor's September 3 letter of alleged withdrawal:

"I, Chadwick J. Taylor, Democratic nominee for the United States Senate race, do hereby withdraw my nomination for election effective immediately and request my name be withdrawn from the ballot, *pursuant to K.S.A. 25-306b(b)*." (Emphasis added.)

Taylor contends his letter fully complies with the statute, even though his letter failed to include a verbatim, or otherwise explicit, statement that he is "incapable of fulfilling the duties of office if elected." Kobach clearly disagrees, as his own letter states: "I have concluded that the written request filed by Mr. Taylor does not meet the requirements of K.S.A. 25-306b(b) because Mr. Taylor did not 'declare[] that [he is] incapable of fulfilling the duties of office if elected.'"

The parties make many arguments, *e.g.*, whether substantial compliance with the statute suffices. But each party's threshold arguments are based upon his insistence that the "plain language of the statute" supports him. This approach appears to acknowledge that this court historically begins its statutory analysis with the plain language used by the legislature.

6

We have often expressed that the best and only safe rule for ascertaining the intention of the makers of any written law is to abide by the language they have used. See *Gannon v. State*, 298 Kan. 1107, 1143, 319 P.3d 1196 (2014) (citing *Wright v. Noell*, 16 Kan. 601, 607, 1876 WL 1081 [1876]); *Vontress v. State*, 299 Kan. 607, 611, 325 P.3d 1114 (2014). If the makers' language is plain and unambiguous, there is no need to use canons of construction or legislative history or other background considerations to construe the legislature's intent. See *In re A.M.M.-H.*, 300 Kan. __, 331 P.3d 775, 777-78 (2014).

Kobach argues in his response that the plain language of subsection (b) of K.S.A. 25-306b establishes only one basis for a primary winner to request withdrawal of his or her name from the ballot: That he or she admits to being incapable of fulfilling the duties of office if elected. Taylor does not appear to dispute this general conclusion.

In Kobach's response, he further asserts that post-primary withdrawals are limited to this specific statutory purpose—and to the two purposes contained in subsection (c) ("death") and subsection (d) ("successive vacancies under either or both of the first two provisions")—because of the legislature's plain "intent to make post-primary withdrawals rare and difficult." He concludes: "[T]hese three circumstances cover the entire field: the legislature made Section 306b the *only* provision allowing post-primary withdrawal." Taylor does not appear to dispute this general conclusion either. And neither do we, based upon the plain language of the statute. See *Gannon,* 298 Kan. at 1143.

With this as the starting point, Taylor contends that his letter's use of the phrase "pursuant to" subsection (b) of K.S.A. 25-306b could not help but declare that he "is incapable of fulfilling the duties of office if elected." He argues:

7

"The meaning of the phrase 'pursuant to K.S.A. 25-306b(b)' could not be clearer: Petitioner was withdrawing his nomination for the reason set forth in (and thus was incorporating by reference the language of) K.S.A. 25-306b(b)—namely, that he is incapable of fulfilling the duties of office if elected."

Kobach responds that Taylor needs to expressly declare in writing that he specifically "is incapable of fulfilling the duties of office if elected." In Kobach's response, he contends that K.S.A. 25-306b(b) demands the withdrawing candidates admit—by declaring in writing—that they are in fact incapable of fulfilling the duties of office, and "it does not allow candidates to dodge or replace it with a legal citation, plea, or argument that their request simply be accepted 'pursuant to Section 306b(b)' or 'pursuant to' or 'under' any other provision." So Kobach offers no position on what is meant by "pursuant to." He simply denies the phrase is sufficient to meet the statutory requirement that a candidate declare he or she is "incapable of fulfilling the duties of office if elected."

To resolve this controversy and determine whether Taylor's letter sufficiently states he is incapable of fulfilling the duties of office if elected by using the phrase "pursuant to K.S.A. 25-306b(b)," we look at the plain meaning of the phrase "pursuant to." Black's Law Dictionary defines the phrase as "*in compliance with*; *in accordance with*; under [or] . . . as authorized by . . . [or] in carrying out." (Emphasis added). Black's Law Dictionary 1356 (9th ed. 2009) (cited with approval in *United States v. Lee*, 659 F.3d 619, 622 [7th Cir. 2011]). Accord:  Black's Law Dictionary 1431 (10th ed. 2014) ("1. In compliance with; in accordance with; under."); The American Heritage Dictionary of the English Language 1062 (1981) ("pursuant" is "Proceeding from and comfortable to; in accordance with. Used with *to*.").

An earlier decision by the United States Supreme Court described the phrase in similar terms. "'Pursuant to' is defined as 'acting or done in consequence or in prosecution

8

(of anything); hence, agreeable; *conformable; following*; *according*.'" (Emphasis added.) *Old Colony Trust Co. v. Comm'r of Internal Revenue*, 301 U.S. 379, 383, 57 S. Ct. 813, 81 L. Ed. 1169 (1937) [Citing Webster's New International Dictionary, Unabridged (2d ed. 1935)] ("The words of the statute [*i.e.*, "pursuant to"] are plain and should be accorded their usual significance in the absence of some dominant reason to the contrary.").

In light of these authorities, we conclude the plain meaning of "pursuant to K.S.A. 25-306b(b)" contained in Taylor's letter effectively declares he is incapable of fulfilling the duties of office if elected. Simply put, the phrase operates as an incorporation by reference of this particular requirement contained in subsection (b). See Black's Law Dictionary 834 (9th ed. 2009) (incorporation by reference is "[a] method of making a secondary document part of a primary document by including in the primary document a statement that the secondary document should be treated as if it were contained within the primary one.").

Our determination that the uncontroverted contents of Taylor's September 3 letter timely satisfy the statutory requirements for withdrawal now leads us to Kobach's clearly defined duty imposed by the law. Kobach's attorney admitted at oral arguments that if the letter was held to comply with the statute, Kobach would have no discretion. This admission is consistent with the plain language of the last sentence of the statutory subsection:  "No name withdrawn as provided in this section shall be printed on ballots for such office for the general election." K.S.A. 25-306b(b). Accordingly, the issuance of a writ of mandamus is appropriate. See *Slusher*, 279 Kan. 789, Syl. ¶ 4 ("Mandamus is a proceeding designed for the purpose of compelling a public officer to perform a clearly defined duty, one imposed by law and not involving the exercise of discretion."); see *State v. Becker*, 264 Kan. 804, 807, 958 P.2d 627 (1998).

With this determination, we need not consider the parties' numerous other arguments. Nor do we need to act on Kobach's allegation that a ruling for Taylor would require the Kansas Democratic Party State Committee to name his replacement nominee per K.S.A. 25-3905. The Kansas Democratic Party is not a party to this original action, and this court does not issue advisory opinions. *Gannon v. State,* 298 Kan. at 1119.

Before closing, however, we do address the issue of Kobach's late filing of the supplemental affidavit that attached additional letters of withdrawal from other candidates. Our order of September 11 was clear:  additional briefing was due at noon, and the court would not extend the deadline. While we have not considered the affidavits and attachments in reaching our decision, we regard their filing as Kobach's attempt to meet any ethical obligation under the Kansas Rules of Professional Conduct.

Taylor's petition for writ of mandamus is granted, and Kobach is ordered to comply with his clearly defined duty imposed by K.S.A. 26-306b(b). He shall not include Taylor's name on any ballots for the office of United States Senate for the general election on November 4, 2014.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

[1] **REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 112,431 to fill the vacancy on the court created by the appointment of Justice Nancy Moritz to the United States 10th Circuit Court of Appeals.