NOT DESIGNATED FOR PUBLICATION

No. 113,345

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KENNETH D. LEEK,
*Appellant,*

v.

BRETT PETERSON, *et al.*,
*Appellees.*

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed November 20, 2015. Affirmed.

*Kenneth D. Leek*, pro se appellant.

*Sherri Price*, special assistant attorney general, for appellees.

Before STANDRIDGE, P.J., BUSER and SCHROEDER, JJ.

*Per Curiam*: Kenneth D. Leek appeals the dismissal of his petition for a writ of mandamus seeking disclosure of a certain Kansas Department of Corrections (KDOC) handbook from Lansing Correctional Facility (Lansing) under the Kansas Open Records Act (KORA). Leek's mandamus petition is an improper use of the procedure. Mandamus is a proceeding asking the court to order a government officer to do his or her official duty when the duty is clearly defined by law. We find Lansing had no "'clearly defined duty, one imposed by law and not involving the exercise of discretion,'" *Taylor v. Kobach*, 300 Kan. 731, 734, 334 P.3d 306 (2014), to disclose the handbook at issue. The district court correctly dismissed the mandamus action, and we affirm.

1

While incarcerated at Lansing, Leek requested disclosure of the Kansas Department of Corrections Internal Management Policy and Procedure 12-105 (the Handbook), relating to "Security Threat Groups Identification and Management." Brett Peterson, the Freedom of Information Officer, denied Leek's request for access to the Handbook on the basis that it was "Staff Read Only." In response to Peterson's decision, Leek filed a formal grievance. The Unit Team Manager for Lansing responded that the Handbook was a "Security Related IMPP" and designated "Staff Read Only," thus, access was strictly prohibited. Dissatisfied with the response, Leek forwarded his grievance to the Warden's office, who responded that the Unit Team Manager's response was appropriate. Leek appealed this decision to the Secretary of Corrections, who also deemed Lansing's response to be appropriate.

Having exhausted his administrative remedies, Leek filed a petition for mandamus with the district court requesting access to the Handbook under K.S.A. 75-5256(b). Lansing responded by filing a motion to dismiss arguing, in part, that the Handbook was exempt from disclosure under K.S.A. 2014 Supp. 45-221(a)(12) because it concerned security information or procedures used by the KDOC. Leek responded that the Handbook was a rule or record as defined by K.S.A. 2014 Supp. 77-415 and thus disclosable under K.S.A. 75-5256(b). Leek also requested that the district court conduct an in-camera review of the Handbook.

The district court summarily denied Leek's petition. The district court found Leek failed to demonstrate Lansing had a duty to disclose the Handbook. Specifically, the district court found mandamus relief was not available because the Handbook did not appear to meet the definition of a rule or regulation and that any uncertainty as to the Handbook's classification eliminated the possibility Lansing was duty bound to disclose it.

Leek timely appealed.

ANALYSIS

Leek presents two interrelated arguments on appeal as to why the district court erred in denying his petition. First, Leek contends that the Handbook is a rule or regulation with the force and effect of law and that, as such, Lansing had a clearly defined duty to disclose it. Second, Leek argues the district court failed to conduct an in-camera inspection of the Handbook before ruling whether it was exempt from disclosure. On appeal, both parties agree the district court never performed an in-camera inspection of the Handbook.

An action in mandamus requires this court to interpret the applicable statutes and regulations, matters over which we have unlimited review. See *Jeanes v. Bank of America*, 296 Kan. 870, 873, 295 P.3d 1045 (2013). A mandamus action is controlled by K.S.A. 60-801 which provides: "Mandamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law." The remedy of mandamus is available only to compel the performance of a clearly defined duty. It is not available to enforce a right over which there is substantial dispute or to mandate an act involving the exercise of discretion of the public official. It is only available when the petitioner is clearly entitled to the order the petition seeks. See *Arney v. Director, Kansas State Penitentiary*, 234 Kan. 257, Syl. ¶¶ 1, 2, 3, 671 P.2d 559 (1983). The burden of showing a right to mandamus relief sought is on the petitioner. *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 620, 244 P.3d 642 (2010).

We first turn to Leek's contention K.S.A. 75-5256(b) required disclosure of the Handbook because it met the definition of the term "rule and regulation" as defined in

3

K.S.A. 2014 Supp. 77-415. Under the Rules and Regulations Filing Act, K.S.A. 77-415 *et seq.*, the terms "rule" and "regulation" are defined as "a standard, requirement or other policy of general application that has the force and effect of law, including amendments or revocations thereof, issued or adopted by a state agency to implement or interpret legislation." K.S.A. 2014 Supp. 77-415(c)(4). Furthermore, K.S.A. 75-5256(b) provides, in relevant part:

> "All rules and regulations or orders for the government of a correctional institution and the enforcement of discipline therein adopted or issued by the secretary of corrections and all orders issued by the warden of the correctional institution shall be published and made available to all inmates, other than rules and regulations and orders relating to emergency or security procedures."

In its motion to dismiss, Lansing described the Handbook as containing "security information and procedures used by Department of Corrections" to aid in the "identification and management of security threat groups (more commonly referred to as gangs)." Leek agrees with the district court's finding the Handbook is an internal management tool of the KDOC but argues it is a policy of general application. Leek maintains the KDOC adopted the Handbook to interpret or enforce K.A.R. 44-12-325(c), the administrative regulation concerning security threat groups.

Here, the record indicates the Handbook is for security information and procedures involving security threats from groups or gangs. This description indicates the Handbook is not one of general application but rather one that applies only to *certain* inmates in the custody of the KDOC. See *Gilmore v. McKune*, 23 Kan. App. 2d 1029, 1035, 940 P.2d 78 (1997) (finding that an internal policy at Lansing did not meet the "general application" requirement under K.S.A. 77-415[4] because "it does not apply to all inmates in the custody of the DOC").

4

Because Leek relied on K.S.A. 75-5256(b) to establish Lansing's duty to disclose the Handbook, and the Handbook is not for general application, Lansing was exempt from the requirements of K.S.A. 75-5256(b) and had no legally defined duty to disclose the Handbook. Additionally, we note K.S.A. 75-5256(b) specifically exempts from disclosing "rules and regulations and orders relating to emergency or security procedures." Without such a clearly defined duty, one imposed by law, mandamus relief was not appropriate. See *Arney*, 234 Kan. 257, Syl. ¶ 2. Therefore, the district court did not err in denying Leek's petition on that basis. Accordingly, Leek failed to demonstrate the availability of mandamus relief. See *Svaty*, 291 Kan. at 620.

We also find Leek's second claim the district court erred in not performing an in-camera inspection of the Handbook to be without merit. The record reflects the content of the Handbook was not in dispute and the decision not to perform an in-camera inspection was not arbitrary, fanciful, or unreasonable. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (defining abuse of discretion), *cert. denied* 134 S. Ct. 162 (2013). We affirm the district court's decision to dismiss Leek's mandamus petition.

Affirmed.