IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,398

STATE OF KANSAS,
*Appellant*,

v.

SPENCER GIFTS, LLC,
*Appellee*.

SYLLABUS BY THE COURT

1.

If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged.

2.

The most fundamental rule of statutory construction is that the intent of the legislature governs. Reliance on the plain and unambiguous language of a statute is the best and only safe rule for determining the intent of the creators of a written law. The plain language selected by the legislature, when it does not conflict with constitutional mandates, trumps both judicial decisions and the policies advocated by the parties.

3.

An appellate court merely interprets statutory language as it appears; it is not free to speculate and cannot read into the statute language not readily found there.

4.

Questions of public policy are for legislative and not judicial determination, and where the legislature declares a policy, and there is no constitutional impediment, the question of the wisdom, justice, or expediency of the legislation is for that body and not for the courts.

5.

Legislative acquiescence can be, but is not always, indicative of legislative intent. But more important than legislative acquiescence is the application of the doctrine of statutory interpretation that directs courts to consider the plain language of the statutes.

6.

The doctrine of stare decisis provides that once a point of law has been established by a court, that point of law will generally be followed by the same court and all courts of lower rank in subsequent cases where the same legal issue is raised. Such adherence to precedent promotes the systemic stability of our legal system. That said, stare decisis is not an inexorable command, and an appellate court should avoid continuing an incorrect interpretation of the law. An appellate court should adhere to stare decisis unless clearly convinced the rule was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from precedent.

7.

*City of Elkhart v. Bollacker*, 243 Kan. 543, 757 P.2d 311 (1988), is overruled.

8.

Statutory speedy trial is a procedural rule, and procedural rules typically apply retroactively. But even procedural or clearly retroactive rules cannot apply retroactively

2

to affect a vested or substantive right. A vested right is one so fixed that it is not dependent on any future act, contingency, or decision to make it more secure.

9.

Once a defendant has lawfully secured dismissal for a statutory speedy trial violation, the right has vested and charges cannot be resurrected by a subsequent change to the law surrounding statutory speedy trial.

10.

The failure to support a point with pertinent authority is akin to abandonment and constitutes a waiver of an argument.

11.

K.S.A. 2015 Supp. 22-3402(g) does not apply unless a delay in a criminal case has been initially attributed to the defendant and subsequently charged to the State.

Review of the judgment of the Court of Appeals in 51 Kan. App. 2d 437, 348 P.3d 611 (2015). Appeal from Johnson District Court; JANICE D. RUSSELL, judge. Opinion filed July 8, 2016. Judgment of the Court of Appeals affirming the district court is affirmed; judgment of the district court is affirmed.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general were with him on the briefs for appellant.

*Tricia A. Bath*, of Bath & Edmonds, PA, of Overland Park, argued the cause, and *Thomas J. Bath, Jr.*, and *Mitch E. Biebighauser,* of the same firm, were with her on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Kansas' speedy trial statute, K.S.A. 2015 Supp. 22-3402(b), provides in relevant part: "If any person charged with a crime *and held to answer on an appearance bond* shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged." (Emphasis added.) Despite the express limitation of this provision to cases in which a defendant has been "held to answer on an appearance bond," the defendant in this case, who was not on bond, relied on this statute in seeking dismissal of all charges when a trial did not occur within 180 days after arraignment. The district court granted the dismissal, and the State appealed. The Court of Appeals, in a split decision, affirmed the dismissal based on this court's decision in *City of Elkhart v. Bollacker*, 243 Kan. 543, 546, 757 P.2d 311 (1988), which held the legislature intended for 22-3402(2)—now 22-3402(b)— to apply even when a defendant had not been held on an appearance bond. *State v. Spencer Gifts,* 51 Kan. App. 2d 437, 348 P.3d 611 (2015). The concurrence argued that *Bollacker* had been decided incorrectly and should be overruled.

On our review of the Court of Appeals decision, the State argues we should overrule *Bollacker*, apply the unambiguous appearance bond limitation of 22-3402(b), and reverse the district court and Court of Appeals. We agree with the State that K.S.A. 2015 Supp. 22-3402(b) unambiguously limits its application to cases in which a defendant has posted an appearance bond, and we further agree that *Bollacker* should be overruled. We do so because the *Bollacker* court, in extending 22-3402(b) to defendants who are not held on an appearance bond, had to add words to the unambiguous language of 22-3402(b)—and thereby violated our rules of statutory interpretation, which do not allow courts to rewrite unambiguous statutes. We, therefore, cannot agree with the reasoning in *Bollacker* and, after weighing the various considerations relevant to a

4

determination of whether we should overrule precedent, conclude *Bollacker* should be overruled. Nevertheless, we affirm the application of *Bollacker* in this case because it formed the law that controlled the defendant's motion to dismiss, and we do not apply today's change in the law to eradicate a vested right to a speedy trial defense.

FACTS AND PROCEDURAL HISTORY

The parties do not dispute the facts of this case. Beginning in May 2009, two investigators with the Johnson County District Attorney's Office began a year-long investigation into Spencer Gifts, LLC, which is a retail business in Oak Park Mall generally open to the public. Over the course of about 30 different visits, the investigators noted that Spencer Gifts displayed various items of a potentially obscene nature: for example, sex toys, lewd clothing, posters of nude women, and wind-up toys simulating sexual acts. Often these adult-oriented displays were in the vicinity of other items geared more toward youth, such as Teenage Mutant Ninja Turtle merchandise, Sesame Street clothing, and Twilight movie posters. During their visits, the investigator observed numerous minor customers enter the store.

On May 16, 2010, the investigators executed a search warrant and seized various retail items as evidence. And on October 6, 2010, the State charged Spencer Gifts with 10 counts of promoting obscenity harmful to minors. That same day, the district court issued a summons ordering Spencer Gifts to appear. Important to the case now before us, throughout the proceedings Spencer Gifts was never subject to an appearance bond.

Years later, Spencer Gifts filed a motion to dismiss alleging a statutory speedy trial violation. The district court held a hearing and ultimately denied the motion by concluding that statutory speedy trial did not apply both because Spencer Gifts was a business entity and because it was never on bond. The speedy trial issue arose again,

5

however, during a subsequent pretrial conference before a different judge. After arguments, the then-presiding district judge concluded Spencer Gifts was statutorily entitled to a speedy trial under *Bollacker* and its progeny and the State had failed to honor that right. As a result, the district judge dismissed the State's case.

The State appealed the dismissal to the Court of Appeals. The Court of Appeals affirmed the dismissal in a split decision, with the majority relying on precedent from this court. *Spencer Gifts*, 51 Kan. App. 2d at 444. The concurring judge agreed binding precedent from this court dictated the outcome of the case. But the concurring opinion noted contradictions in this court's treatment of statutory speedy trial and read the plain language of the speedy trial statute to contradict the precedent upon which the majority relied. 51 Kan. App. 2d at 444-50 (Malone, C.J., concurring). We granted the State's petition for review. K.S.A. 2015 Supp. 22-3602(e).

ANALYSIS

The State presents four alternative contentions in arguing the district court erred in dismissing the case for a statutory speedy trial violation under K.S.A. 2015 Supp. 22-3402(b):  (1) The statute did not apply to Spencer Gifts because it had not been held on an appearance bond; (2) any contrary holding in *Bollacker* should be overturned; (3) Spencer Gifts did not have speedy trial rights because it is a corporation; and (4) dismissal is not required under the provisions of K.S.A. 2015 Supp. 22-3402(g) ("If a delay is initially attributed to the defendant, but is subsequently charged to the state for any reason, such delay . . . shall not be used as a ground for dismissing a case."). We address each argument in turn.

1. *The plain language of K.S.A. 2015 Supp. 22-3402(b) does not apply to a defendant not held to answer on an appearance bond.*

As evident from our previous discussion, tension exists between K.S.A. 2015 Supp. 22-3402(b) and *Bollacker*. The statute, by its plain terms, limits its application to situations where a defendant has been "charged with a crime and held to answer on an appearance bond." Yet the statute's reach was extended in *Bollacker*, 243 Kan. 543.

In that case, Lanning Bollacker became a criminal defendant when the City of Elkhart charged him with unlawful discharge of a firearm and served him with a complaint and a notice to appear. Bollacker appeared, and he was tried and convicted in municipal court. Bollacker appealed his conviction to the district court and, while on appeal, was never subject to an appearance bond. Despite the fact that Bollacker did not meet the bond requirement, the district court dismissed the charges because the trial did not occur within the time required by K.S.A. 22-3402(2) (Ensley 1981).

The City of Elkhart then appealed the dismissal to this court, arguing the speedy trial statute did not apply because Bollacker was never held to answer on an appearance bond. Although acknowledging the statutory language about an appearance bond, this court found the lack of an appearance bond insignificant, mostly for general policy reasons: "[T]he legislature intended that persons charged with crime should be granted a prompt and speedy trial" in order to "prevent the oppression of a citizen by holding criminal prosecutions suspended over him for an indefinite time and to prevent delays in the administration of justice." 243 Kan. at 545; *State v. Pendergrass*, 215 Kan. 806, 807, 528 P.2d 1190 (1974) ("The purpose of [statutory speedy trial] is to implement and define the constitutional guaranty of speedy trial."). In addition, the *Bollacker* court noted a defendant served with a notice to appear is under the threat of arrest for failing to appear, just like a defendant held on an appearance bond. Ultimately, the court held 22-3402

applicable "whether bond is required or whether the accused is simply served with a notice to appear and is thus required to appear without posting bond." 243 Kan. at 546.

*Bollacker* thus supports Spencer Gifts' position in this case. In dismissing the case against Spencer Gifts, the district court noted a more recent appellate decision that relied on *Bollacker*: *State v. Palmquist*, No. 103,914, 2011 WL 767861 (Kan. App.) (unpublished opinion), *rev. denied* 292 Kan. 968 (2011). In *Palmquist*, a notice to appear secured the defendant's appearance in one case and a summons was issued in another— the defendant was never subject to an appearance bond. Nevertheless, the district court dismissed the case. On appeal, the majority relied on *Bollacker* and concluded that statutory speedy trial under K.S.A. 22-3402 applied and the district court had correctly dismissed the case. 2011 WL 767861, at *7.

The dissent in *Palmquist*, however, would have held that "[a]bsent [the defendant] being held to answer on an appearance bond, the plain language of K.S.A. 22-3402(2) simply does not apply." 2011 WL 767861, at *9 (Buser, J., dissenting). Although the dissent recognized *Bollacker* as precedent, it noted this court had recently emphasized "the duty of courts to follow plain and unambiguous statutory language." 2011 WL 767861, at *7 (Buser, J., dissenting). And that emphasis, in the dissent's view, was an indication this court would interpret 22-3402(b) differently than it had in *Bollacker*. See *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012) (Court of Appeals must follow Kansas Supreme Court precedent unless there is indication the Supreme Court is departing from a prior position).

In this appeal from the dismissal of the charges against Spencer Gifts, the Court of Appeals majority held that *Bollacker* rendered K.S.A. 2015 Supp. 22-3402(b) applicable despite the fact that Spencer Gifts was never held to answer on an appearance bond.

8

*Spencer Gifts*, 51 Kan. App. 2d at 444. The concurring opinion recognized *Bollacker* as controlling precedent, but it agreed with the dissent in *Palmquist* that the plain language of K.S.A. 2015 Supp. 22-3402(b) simply does not confer any statutory speedy trial right to a person who was never held to answer on an appearance bond. 51 Kan. App. 2d at 446-47 (Malone, C.J., concurring). We must now decide whether the analysis in *Bollacker* remains sound.

2. Bollacker *is at odds with our rules of statutory interpretation and is overruled but applies to this case because rights under it had vested.*

As the concurring opinion in this case and the dissent in *Palmquist* recognized, if we momentarily set aside *Bollacker* and apply the plain language of K.S.A. 2015 Supp. 22-3402(b), the State has a strong argument that the statute only applies when a person is "held to answer on an appearance bond." Typically, when we conduct our de novo review of statutes, we begin with the most fundamental rule of statutory construction: The intent of the legislature governs. *State v. Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014). Reliance on the plain and unambiguous language of a statute is "the best and only safe rule for determining the intent of the creators of a written law. . . . The plain language selected by the legislature, when it does not conflict with constitutional mandates, *trumps both judicial decisions and the policies advocated by parties*." (Emphasis added.) *Merryfield v. Sullivan*, 301 Kan. 397, 399, 343 P.3d 515 (2015); see *Taylor v. Kobach*, 300 Kan. 731, 735, 334 P.3d 306 (2014) ("We have often expressed that the best and only safe rule for ascertaining the intention of the makers of any written law is to abide by the language they have used."); *Vontress v. State*, 299 Kan. 607, 611, 325 P.3d 1114 (2014); *Gannon v. State*, 298 Kan. 1107, 1143, 319 P.3d 1196 (2014) (citing *Wright v. Noell*, 16 Kan. 601, 607, 1876 WL 1081 [1876]).

9

By our reading of the plain language, K.S.A. 2015 Supp. 22-3402(b) only applies when a person is "charged with a crime and held to answer on an appearance bond" and not when the court had merely issued a notice to appear. Statutorily, an appearance bond is a distinct thing—it is not identical to a summons. Indeed, K.S.A. 2015 Supp. 22-2202(b) defines an appearance bond as "an agreement, with or without security, entered into by a person in custody by which the person is bound to comply with the conditions specified in the agreement." A summons, on the other hand, is "a written order issued by a magistrate directing that a person appear before a designated court at a stated time and place and answer to a charge pending against the person." K.S.A. 2015 Supp. 22-2202(s); see also K.S.A. 2015 Supp. 22-2202(o) (defining notice to appear as "a written request, issued by a law enforcement officer, that a person appear before a designated court at a stated time and place").

Spencer Gifts is correct that an appearance bond and a summons have similar functions—both order a person to appear. But a shared purpose does not make those two distinct things interchangeable. Even assuming some linguistic ambiguity, which would permit us to move past K.S.A. 2015 Supp. 22-3402's plain language, we would construe the legislature's specific mention of an appearance bond to mean that the legislature intended to exclude a summons from the statute. See *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014) (courts resort to statutory construction only when the statute is ambiguous); *Cole v. Mayans*, 276 Kan. 866, 878, 80 P.3d 384 (2003) (the inclusion of one thing implies the exclusion of another). We simply cannot apply K.S.A. 2015 Supp. 22-3402(b) to a case like this one, which involves a summons, without reading language into the statute that is not there. As an appellate court, we "'"merely interpret[] the language as it appears; [we are] not free to speculate and cannot read into the statute language not readily found there."'" *State v. Holt*, 298 Kan. 469, 474, 313 P.3d 826

(2013); *State v. Paul*, 285 Kan. 658, 661, 175 P.3d 840 (2008) (court should not read statute to "add language that is not found in it").

In *Bollacker*, this court took solace in a policy-driven conclusion with reliance on an entirely separate criminal statute defining the crime of failure to appear. See 243 Kan. at 545. At the time, the legislature essentially defined failure to appear as "willfully incurring a forfeiture of an appearance bond." K.S.A. 21-3813(1) (Ensley 1981); see also K.S.A. 2015 Supp. 21-5915(a). But subsection (2) of the failure-to-appear statute explicitly included a summons into subsection (1)'s definition of an appearance bond: "Any person who is released upon his or her own recognizance, without surety, *or who fails to appear in response to a summons* or traffic citation, *shall be deemed a person released on bond for appearance within the meaning of subjection (1) of this section*." (Emphasis added.) K.S.A. 21-3813(2) (Ensley 1981); see also K.S.A. 2015 Supp. 21-5915(e). The *Bollacker* court found this to be evidence that the legislature implicitly intended similar interchangeability of appearance bonds and summonses in the context of statutory speedy trial. 243 Kan. at 545.

To the contrary, the failure-to-appear statute was—and remains—evidence that the legislature knows how to draft a statute that makes appearance bonds and summonses interchangeable. It did not do that in K.S.A. 22-3402. Thus, the crime of failure to appear (now K.S.A. 2015 Supp. 21-5915) exists as evidence the legislature, in adopting K.S.A. 2015 Supp. 22-3402(b), did not intend to grant rights to defendants who had not posted an appearance bond. See *State v. Boyer*, 289 Kan. 108, 116, 209 P.3d 705 (2009) (finding it significant that the legislature had distinguished juvenile adjudications from adult convictions in other statutes, so a general reference to "convictions" in another statute did not encompass juvenile adjudications).

Moreover, in the context of statutory speedy trial, the *Bollacker* court's deviation from plain language seems to be an outlier; Kansas appellate courts have regularly interpreted K.S.A. 22-3402 by its plain language. Most notably, almost 10 years after *Bollacker* this court issued an opinion somewhat at odds with *Bollacker*:  *State v. Mathenia*, 262 Kan. 890, 942 P.2d 624 (1997). There, the principal issue related to whether the speedy trial provision at issue in this case—22-3402(b)—even applied under the facts of the case.

Willard Parnell Mathenia had committed a crime while incarcerated and, thus, when charges related to that crime were brought, he was not held in custody solely because of those charges. The State, therefore, argued K.S.A. 22-3402(1) (Furse 1995), which provided for a 90-day speedy trial for those in custody solely on the current charge, was inapplicable. Mathenia acknowledged he was not being held in custody solely because of the current charges against him but argued the provision then found at 22-3402(2)—now 22-3402(b)—should automatically apply and require the State to bring him to trial within 180 days. And at the time, language in prior cases from this court had suggested as much. See *State v. Noriega*, 261 Kan. 440, 459, 932 P.2d 940 (1997) ("Because Noriega was not solely being held in jail for the crime charged, he was not entitled to be brought to trial within 90 days after his arraignment. He was entitled to be brought to trial within 180 days after his arraignment."), *disapproved of by Mathenia*, 262 Kan. at 900; *State v. Abel*, 261 Kan. 331, 335, 932 P.2d 952 (1997) ("A person being held in jail not solely for the crime charged is not entitled to be brought to trial within 90 days after the person's arraignment but is entitled to be brought to trial within 180 days after the person's arraignment."), *disapproved of by Mathenia*, 262 Kan. at 900.

This court in *Mathenia*, however, explicitly rejected any suggestion that the 180-day period applied anytime the 90-day period did not, saying:  "K.S.A. 22-3402(2)

refers only to defendants 'charged with a crime and held to answer on an appearance bond.' [Citations omitted.] Mathenia was not held on an appearance bond; therefore, K.S.A. 22-3402(2) does not apply." 262 Kan. at 900. Thus, in *Mathenia*, this court relied on the plain language of K.S.A. 22-3402(2) (Furse 1995) to disapprove of precedent and conclude that Mathenia was not entitled to a trial within 180 days.

In fact, plain language has been the guidepost in a number of other speedy trial cases. See, *e.g.*, *State v. Hill*, 257 Kan. 774, 777-78, 895 P.2d 1238 (1995) (holding speedy trial statute did not apply because the defendant did not meet a plain condition of the statute—the requirement that the defendant be held solely by reason of the charged crime); *State v. Blizzard*, 43 Kan. App. 2d 418, 422-23, 225 P.3d 773 (2010) (refusing to apply speedy trial statute because the defendant was not held on an appearance bond); *State v. Strong*, 8 Kan. App. 2d 589, 593, 663 P.2d 668 (1983) (refusing to apply speedy trial statute because defendant was "neither in custody 'solely by reason' of the instant charges, nor at liberty subject to an appearance bond").

We recognize, as did this court in *City of Elkhart v. Bollacker*, 243 Kan. 543, 757 P.2d 311 (1988), that it would be a reasonable policy for the legislature to intend that statutory speedy trial applies broadly to any circumstances where a defendant is ordered to appear. And Spencer Gifts argues that not applying the speedy trial statute to a defendant summoned to court would be an absurd result. But simply because the legislature could reasonably have granted summoned defendants statutory speedy trial rights does not mean excluding them is absurd. The legislature may have had a variety of policy reasons for choosing the language it enacted and for creating distinct statutory protections for those who incurred the additional burden of executing—and often paying for—an appearance bond. Such "questions of public policy are for legislative and not judicial determination, and where the legislature does so declare, and there is no

13

constitutional impediment, the question of the wisdom, justice, or expediency of the legislation is for that body and not for the courts." *State, ex rel., v. Kansas Turnpike Authority*, 176 Kan. 683, 695, 273 P.2d 198 (1954); see *In re Property Valuation Appeals of Various Applicants*, 298 Kan. 439, 447, 313 P.3d 789 (2013) *cert. denied sub nom. Missouri Gas Energy v. Kansas Div. of Prop. Valuation*, 135 S. Ct. 51 (2014); *Samsel v. Wheeler Transport Services, Inc.*, 246 Kan. 336, 348-49, 789 P.2d 541 (1990); *Harris v. Shanahan*, 192 Kan. 183, 206, 387 P.2d 771 (1963).

Relying on yet another canon of statutory construction, Spencer Gifts argues the legislature's choice not to amend or modify K.S.A. 22-3402 after *Bollacker*'s judicial construction amounts to tacit approval of the interpretation. See *State v. Quested*, 302 Kan. 262, 279, 352 P.3d 553 (2015) (legislative acquiescence can be, but is not always, indicative of legislative intent); *Cady v. Schroll*, 298 Kan. 731, 737, 317 P.3d 90 (2014). But "[m]ore important [than legislative acquiescence] is the application of the doctrine of statutory interpretation that directs us to consider the plain language of the statutes." *Hall v. Dillon Companies, Inc.*, 286 Kan. 777, 787, 189 P.3d 508 (2008). And Spencer Gifts' legislative-acquiescence argument is far from compelling here because the legislature has not modified or amended the relevant portions of statutory speedy trial even though Kansas appellate courts have construed it differently in different cases. Compare *Bollacker*, 243 Kan. at 546 (180-day limit applied even if not held to answer on appearance bond), with *Mathenia*, 262 Kan. at 900 ("K.S.A. 22-3402[2] refers only to defendants 'charged with a crime and held to answer on an appearance bond.' [Citations omitted.] Mathenia was not held on an appearance bond; therefore, K.S.A. 22-3402[2] does not apply.").

Moreover, K.S.A. 2015 Supp. 22-3402(b) is clear; it expressly mentions an appearance bond but does not mention a summons. Because Spencer Gifts was not held

on an appearance bond, the statutory 180-day limit of K.S.A. 2015 Supp. 22-3402(b) did not apply. See *Mathenia*, 262 Kan. at 900.

Finding that the plain language of K.S.A. 2015 Supp. 22-3402(b) does not apply to Spencer gifts' circumstances, we turn to our next question: Should we overrule *Bollacker*?

Certainly, we do not lightly disapprove of precedent. The doctrine of stare decisis "instructs that points of law established by a court are generally followed by the same court and courts of lower rank in later cases in which the same legal issue is raised." *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362-63, 361 P.3d 504 (2015). Such adherence to precedent promotes the systemic stability of our legal system. *Crist v. Hunan Palace, Inc.*, 277 Kan. 706, 715, 89 P.3d 573 (2004). That said, stare decisis is not an inexorable command, and we avoid continuing an incorrect interpretation of the law. *Hoesli*, 303 Kan. at 363; *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 343, 277 P.3d 1062 (2012). An appellate court should adhere to stare decisis "'unless clearly convinced that the rule was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from precedent.'" *Crist*, 277 Kan. at 715 (quoting *Samsel v. Wheeler Transport Services, Inc.*, 246 Kan. 336, 356, 789 P.2d 541 [1990]).

From a policy perspective, we are not so much convinced that the rule in *Bollacker* was unsound or erroneous; nevertheless, we are convinced that the policy issue was not an appropriate basis for an appellate court's decision. A court's obligation is to follow the intent that the legislature expresses through statutory language. And our only safe analytical path to achieve that end is to follow the plain language the legislature has chosen. *Merryfield*, 301 Kan. at 399.

15

So, then, does more good than harm come from overruling *Bollacker*? We believe that it does. We are cognizant of the fact that Spencer Gifts, and those in Spencer Gifts' position, could have placed some reliance on statutory speedy trial under *Bollacker*. But what this case turns on is bigger than both the facts presented here and the legal issue the case contains. Certainly, adherence to the *Bollacker* precedent would ensure stability on this particular issue, *i.e.*, whether statutory speedy trial applies to a defendant not held to answer on an appearance bond. But the stability gained on that one issue is at the expense of the stability of our legal system:  litigants, courts, and the legislature must be able to rely on the fact that statutory language drives the law in Kansas. And here, K.S.A. 2015 Supp. 22-3402(b) by its language does not apply to a defendant never held on an appearance bond.

Moreover, interpreting K.S.A. 2015 Supp. 22-3402(b) by its plain language does not eradicate speedy trial. Defendants not held to answer on an appearance bond may still have a constitutional right to speedy trial. See *State v. Dupree*, 304 Kan. 43, 54, __ P.3d __ (2016) (explaining that "the speedy trial statute is merely a procedure that works to protect an existing substantive [constitutional] right").

Accordingly, we overrule *City of Elkhart v. Bollacker*, 243 Kan. 543, 757 P.2d 311 (1988), and conclude that K.S.A. 2015 Supp. 22-3402(b) only applies to a "person charged with a crime and held to answer on an appearance bond." Spencer Gifts did not fit that category. Still, *Bollacker* was good law when the district court dismissed the case against Spencer Gifts and the Court of Appeals affirmed—there was no error in the lower courts. Hierarchically lower courts are required to follow our precedent absent indication that we are departing from our precedent. See *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 168, 298 P.3d 1120 (2013). And because we have changed the law on this

16

point in detriment to Spencer Gifts, we find that the rule we express in this decision does not apply so as to reinstate the State's case against Spencer Gifts.

As a general rule, "when an appellate court decision changes the law, that change acts prospectively and applies only to all cases, state or federal, that are pending on direct review or not yet final on the date of the appellate court decision." *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). And Spencer Gifts' case is not only currently pending, but statutory speedy trial is a procedural rule, and procedural rules typically apply retroactively. These general rules, typically applied when a defendant appeals and seeks the benefit of a change in the law, would suggest that the change in the law we espouse today would apply to Spencer Gifts.

But here the State has appealed and seeks a change in the law that would potentially obliterate Spencer Gifts' statutory speedy trial defense. In such a circumstance, the general rules just cited are tempered by the proposition that changes in the law cannot apply so as to affect a vested or substantive right. "A vested right is one 'so fixed that it is not dependent on any future act, contingency or decision to make it more secure.'" *Dupree*, 304 Kan. at 52, 2016 WL 1391917, at *7 (quoting *Board of Greenwood County Comm'rs. v. Nadel*, 228 Kan. 469, 474, 618 P.2d 778 [1980]).

In *Dupree*, we held that the mere running of the statutory time period for speedy trial did not establish a vested right because time alone was not determinative. To secure dismissal under statutory speedy trial the parties would have to argue before a court whether various periods of time would count against the State or the defendant or whether various waivers would apply. *Dupree*, 304 Kan. at 52-56, 2016 WL 1391917, at *7-10. Counting days, in and of itself, still left dismissal too contingent.

We face a different situation here, however: Spencer Gifts has argued statutory speedy trial, and Spencer Gifts obtained dismissal of the case in the district court under the then controlling law of *Bollacker*. While *Mathenia* contained language seemingly at odds with *Bollacker*, it did not expressly change or overrule *Bollacker*'s holding. We only now change that prior precedent. But such a change cannot resurrect the charges against Spencer Gifts, which lawfully utilized a complete defense against those charges. Unlike in *Dupree*, Spencer Gifts' right to dismissal for a statutory speedy trial violation was no longer contingent—it had vested with the district court's dismissal of the case.

The statutory speedy trial issue, as illustrated by this case, is not unlike a statute of limitations. A statute of limitations is a procedural rule, which means changes typically apply retroactively. And the procedural nature of the rule means that when the legislature extends a statute of limitations period, the new time period applies to all cases that have yet to be time barred by the prior statutory period. However, cases that were time barred by the original period remain time barred—an extension to a statute of limitations cannot resurrect expired charges by eradicating the vested and complete defense the prior law afforded. See *State v. Noah*, 246 Kan. 291, 292-95, 788 P.2d 257 (1990); see also *Lujan v. Regents of University of California*, 69 F.3d 1511, 1516-17 (10th Cir. 1995) (statutes of limitations have mixed procedural and substantive aspects); *Tonge v. Werholtz*, 279 Kan. 481, 488-89, 109 P.3d 1140 (2005) (holding, as to Department of Corrections regulations, that "once an inmate accrues a vested defense to the enforcement of disciplinary restitution, that defense cannot be taken away").

This case calls for a similar conclusion. Spencer Gifts' right to dismissal for a statutory speedy trial violation vested when, under the weight of valid precedent from this court, it obtained dismissal in the district court. There was nothing left for Spencer Gifts

18

to do to secure its right. See *Dupree*, 304 Kan. at 52, 2016 WL 1391917, at *7 (a vested right is one that depends on no future act, contingency, or decision).

Applying *Bollacker*, neither party disputes that Spencer Gifts did not meet a plain condition of the speedy trial statute. Spencer Gifts was not held to answer on an appearance bond. So by its plain language K.S.A. 2015 Supp. 22-3402(b) did not apply. Our decision today to overrule *Bollacker* by relying on the plain language of K.S.A. 2015 Supp. 22-3402(b) cannot resurrect the appropriately dismissed charges against Spencer Gifts because doing so would eradicate a complete defense. See *Dupree*, 304 Kan. at 55, 2016 WL 1391917, at *9 (qualifying for a complete and total defense signifies the vesting of a right); *Noah*, 246 Kan. at 292-95 (extending statute of limitations period cannot resurrect expired charges).

3. *The State's alternative argument that a corporation is not entitled to speedy trial protection is waived.*

The State offers, as an alternative to the argument we have discussed above, an argument that K.S.A. 2015 Supp. 22-3402(b) and *Bollacker* should not apply to Spencer Gifts because it does not make sense for a corporation, who could not be jailed, to have a speedy trial right. To support this claim, the State notes that business entities are not entitled to all the same constitutional rights afforded to natural persons. Further, the State points out that the United States Supreme Court has not definitively decided the *constitutional* speedy trial rights of corporate entities.

Still, the State has cited no on-point authority to support its argument that a business entity is not entitled to rights under a speedy trial statute. The failure to support a point with pertinent authority is akin to abandonment and constitutes waiver of an argument. See *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013). Moreover, the

19

weight of authority, even as to constitutional rights, actually stands against the State's position. See, *e.g.*, *United States v. Sears, Roebuck and Co., Inc.*, 877 F.2d 734, 737-41 (9th Cir. 1989) (applying statutory and constitutional speedy trial to corporate defendant); *United States v. Rivera Const. Co.*, 863 F.2d 293, 295-97 (3d Cir. 1988) (applying statutory speedy trial to corporate defendant); *United States v. Litton Systems, Inc.*, 722 F.2d 264, 265-66 (5th Cir. 1984) (applying constitutional speedy trial to corporation); *United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 372-77 (2d Cir. 1979) (applying statutory speedy trial to corporate defendant); *United States v. Stein*, 456 F.2d 844, 847-50 (2d Cir. 1972) (applying constitutional speedy trial to corporate defendant); *People v. Slender Wrap*, 36 Colo. App. 11, 15-19, 536 P.2d 850 (1975) (applying statutory and constitutional speedy trial to corporate defendant even though corporation could not be arrested); *People v. Crawford Distributing Co.,* 78 Ill. 2d 70, 78-81, 397 N.E.2d 1362 (1979) (considering statutory speedy trial for corporate defendant); *State v. Empak, Inc.*, 889 S.W.2d 618, 623 (Tex. App. 1994) ("Corporations have a speedy trial right under federal and Texas constitutions.").

Even acknowledging the State's point that a corporation's constitutional speedy trial rights remain unsettled, we struggle to see how uncertainty about constitutional rights have relevance to the statutory issue before us. A limited liability company, like Spencer Gifts, is statutorily defined as a "Person" under K.S.A. 2015 Supp. 17-7663(l). And "any *person* charged with a crime and held to answer on an appearance bond" has a right to a trial 180 days after arraignment. (Emphasis added.) K.S.A. 2015 Supp. 22-3402(b). Regardless of whether an LLC could assert a constitutional speedy trial right, which was never Spencer Gifts' claim here, the State has not presented us with any reason why an LLC—statutorily defined as a person—would not have a statutory speedy trial right if indeed it was held to answer on an appearance bond. As before, we deem this point abandoned. *Tague*, 296 Kan. at 1001 (failure to show a point is sound in the face of

20

contrary authority is akin to abandonment). This means, at least under the arguments as presented to us, Spencer Gifts could rely on *Bollacker* for relief under K.S.A. 2015 22-3402(b).

4. *K.S.A. 2015 Supp. 22-3402(g) does not prevent Spencer Gifts from obtaining relief.*

There is little merit to the State's next alternative argument, which is that K.S.A. 2015 Supp. 22-3402(g), as interpreted in *State v. Brownlee*, 302 Kan. 491, 354 P.3d 525 (2015), removes Spencer Gifts' remedy of dismissal. In *Brownlee*, a majority of this court held that the legislature removed the remedy of dismissal for a statutory speedy trial violation when a delay is initially charged—incorrectly—to a defendant but subsequently corrected and charged to the State. 302 Kan. at 510-11; see also K.S.A. 2015 Supp. 22-3402(g) ("If a delay is initially attributed to the defendant, but is subsequently charged to the state for any reason, such delay . . . shall not be used as a ground for dismissing a case."). But see *Brownlee*, 302 Kan. at 524-28 (Luckert, J., dissenting).

In this case, the first district judge held that Spencer Gifts did not have a speedy trial right under K.S.A. 2015 Supp. 22-3402(b). Subsequently, another district judge disagreed and dismissed the case because the State failed to bring Spencer Gifts to trial within 180 days. There may have been judicial disagreement, but there was never a dispute about the attribution of delays or whether certain days were chargeable against the State. Unlike *Brownlee*, the issue here was whether statutory speedy trial applied at all—the latter district judge did not subsequently charge the State with delays initially attributed to Spencer Gifts. Likewise, the plain language of K.S.A. 2015 Supp. 22-3402(g), which foreclosed relief in *Brownlee*, did not apply here to foreclose dismissal of the case against Spencer Gifts.

21

CONCLUSION

We overrule *City of Elkhart v. Bollacker*, 243 Kan. 543, 757 P.2d 311 (1988), and hold that a defendant not held to answer on an appearance bond has no statutory speedy trial right under K.S.A. 2015 Supp. 22-3402(b). However, we affirm the dismissal of the charges against Spencer Gifts because its right to dismissal for a statutory speedy trial violation had vested under the prior binding law.

The decision of the Court of Appeals affirming the district court is affirmed. The decision of the district court to dismiss the charges against Spencer Gifts for a violation of K.S.A. 2015 Supp. 22-3402(b) is affirmed.