NOT DESIGNATED FOR PUBLICATION

No. 116,381

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAKOTA CHEYENNE WILSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; MICHAEL E. WARD, judge. Opinion filed May 19, 2017. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Cheryl M. Pierce*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and STANDRIDGE, JJ.

*Per Curiam*: Dakota Cheyenne Wilson pled guilty to two counts of aggravated indecent liberties with a child. The district court sentenced him to 118 months in prison and lifetime postrelease supervision. Wilson appeals, arguing the district court erred in sentencing him to lifetime postrelease supervision. We affirm.

On October 28, 2015, the State charged Wilson with three counts of aggravated indecent liberties with a child, an off-grid person felony. The offenses were alleged to have occurred between August 1, 2015 and October 24, 2015. On March 4, 2016, Wilson pled no contest to two amended counts of aggravated indecent liberties with a child, a

1

level 3 person felony. On May 19, 2016, the district court sentenced Wilson to 59 months imprisonment for each count, to run consecutive, for a total sentence of 118 months. The district court also sentenced him to lifetime postrelease supervision. Wilson did not object to imposition of lifetime postrelease supervision at sentencing. Wilson appeals.

Wilson argues the district court erred when it sentenced him to lifetime postrelease supervision. He contends the statute providing terms of postrelease supervision, K.S.A. 2015 Supp. 22-3717(d)(1), is ambiguous. Because it is ambiguous, the rule of lenity required the court to impose a lesser term. Wilson acknowledges this court has already addressed this issue in *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016), *petition for rev. filed* December 19, 2016, but he asserts *Herrmann* was wrongly decided.

The State argues *Herrmann* correctly interpreted K.S.A. 2015 Supp. 22-3717(d)(1). It contends the statute is not ambiguous, and only one subsection applies to Wilson. As such, the district court correctly imposed lifetime postrelease supervision.

Though he does not frame his argument as such, Wilson is essentially arguing that his sentence is illegal. He asserts that the district court abused its discretion, making a mistake of law based on statutory interpretation. According to Wilson, the rule of lenity requires that his postrelease supervision term should be 36 months.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). A court may correct an illegal sentence at any time, and a defendant may challenge an illegal sentence for the first time on appeal. K.S.A. 22-3504(1); *State v. Fisher*, 304 Kan. 242, 263-64, 373 P.3d 781 (2016). An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous

2

with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016).

We review the district court's imposition of a criminal sentence for an abuse of discretion. See *State v. Collins*, 303 Kan. 472, 476, 362 P.3d 1098 (2015). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). According to Wilson, the court abused its discretion by making an error of law in its statutory interpretation. He contends K.S.A. 2015 Supp. 22-3717(d)(1)(A), (d)(1)(D) and (d)(1)(G) are in conflict, and the rule of lenity required the court to sentence him to a postrelease supervision term of 36 months rather than life.

K.S.A. 2015 Supp. 22-3717(d)(1) reads, in relevant part:

"(d)(1) Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:

"(A) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 1 through 4 crimes, drug severity levels 1 and 2 crimes committed on or after July 1, 1993, but prior to July 1, 2012, and drug severity levels 1, 2 and 3 crimes committed on or after July 1, 2012, must serve 36 months on postrelease supervision.

. . . .

"(D) Persons sentenced to a term of imprisonment that includes a sentence for a sexually violent crime as defined in K.S.A. 22-3717, and amendments thereto, a sexually motivated crime in which the offender has been ordered to register pursuant to (d)(1)(D)(vii) of K.S.A. 22-3717, and amendments thereto, electronic solicitation, K.S.A. 21-3523, prior to its repeal, or K.S.A. 2015 Supp. 21-5509, and amendments thereto, or unlawful sexual relations, K.S.A. 21-3520, prior to its repeal, or K.S.A. 2015 Supp. 21-

5512, and amendments thereto, shall serve the period of postrelease supervision as provided in subsections (d)(1)(A), (d)(1)(B) or (d)(1)(C) plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, prior to its repeal, or K.S.A. 2015 Supp. 21-6821, and amendments thereto, on postrelease supervision.

. . . .

"(G) Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life."

In 2013, the legislature amended K.S.A. 22-3717(d)(1) to add subsection (d)(1)(D). L. 2013, ch. 133, sec. 13. According to Wilson, subsections (d)(1)(A), (d)(1)(D) and (d)(1)(G) are now in conflict, rendering the statute ambiguous. Consequently, he argues, district courts have discretion to sentence a defendant convicted of a sexually violent offense under either subsection, but the rule of lenity requires courts to impose the term under (d)(1)(A) because it is more lenient. Wilson contends the district court in this case abused its discretion because it imposed the harsher sentence provided for in (d)(1)(G).

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. at 473-74. As a general rule, courts strictly construe statutes in favor of the accused. This rule is subject to the rule that the interpretation of a statute must be reasonable and sensible to effect the legislative design and intent of the law. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). The rule of lenity arises only when there is any reasonable doubt of the statute's meaning. *State v. Williams*, 303 Kan. 750, 760, 368 P.3d 1065 (2016). When construing statutes to determine legislative intent, appellate courts must consider various provisions of an act in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible. *State v. Keel*, 302 Kan. 560, Syl. ¶ 7, 357 P.3d 251 (2015).

4

Wilson's arguments are similar to those of the defendant in *Herrmann*, 53 Kan. App. 2d 147. Herrmann argued the 2013 legislative amendments to K.S.A. 2015 Supp. 22-3717(d)(1)(D) rendered the entire (d)(1) subsection ambiguous, and as a result, district courts had discretion in imposing the term of postrelease supervision. The *Herrmann* court rejected this argument, finding:

"[T]he plain language of the statute clearly decides the issue presented. Subsection (d)(1) explains that persons sentenced for crimes committed after July 1, 1993, will not be eligible for parole; instead, they will be subject to mandatory postrelease supervision as provided in the subparagraphs that follow. Notably, however, this subsection (d)(1) expressly states that the mandatory postrelease supervision provided in the subparagraphs that follow do not apply to 'persons subject to subparagraph (G). . . .

". . . Reading subparagraph (D) in pari materia, it falls under subsection (d)(1) and so applies to all persons but those expressly excluded: persons sentenced for off-grid crimes committed on or after July 1, 1993, and persons committing a sexually violent crime on or after July 1, 2006, as stated in subparagraph (G). Therefore, subparagraph (D) only applies to persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006. Thus, there are no persons convicted of a sexually violent crime to whom both subparagraph (D) and subparagraph (G) apply. Construing the statute as a whole and giving effect to all of the statutes, as this court must, there is no conflict or ambiguity in amended subsection (d)(1)." 53 Kan. App. 2d at 152-53.

Numerous other panels of this court have rejected arguments similar to Wilson's based on *Herrmann*. See, *e.g.*, *State v. Kilgore*, No. 115,010, 2017 WL 748597 (Kan. App. 2017) (unpublished opinion); *State v. Rose*, No. 115,490, 2017 WL 383877 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* February, 27, 2017; *State v. Rothstein*, No. 114,749, 2016 WL 7031921 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* December 19, 2016.

Wilson contends *State v. Cameron*, 294 Kan. 884, 281 P.3d 143 (2012) casts doubt on *Herrmann*. In *Cameron*, a case decided before the 2013 legislative amendments,

Cameron argued that the district court erred in sentencing him to lifetime postrelease supervision under (d)(1)(G) because the court had discretion to sentence him to a shorter term under subsection (d)(1)(B). He essentially contended the rule of lenity required the court to impose the shorter sentence.

The *Cameron* court ultimately held that only subsection (d)(1)(G) applied to Cameron. The court noted the rule of lenity only applies if there is reasonable doubt as to a statute's meaning. 294 Kan. at 899. Looking at K.S.A. 22-3717(d)(1) in pari materia, the court concluded there was no reasonable doubt that the legislature intended the more specific provision of (d)(1)(G) to apply to those convicted of sexually violent offenses rather than the more general provision of (d)(1)(B). 294 Kan. at 900.

According to Wilson, the *Cameron* court made an "implied finding of ambiguity" because of its method of statutory construction. Thus, he puts forth, the *Herrmann* court could not have resolved this issue using an analysis of the plain language of the statute because the statute is inherently ambiguous. Contrary to Wilson's claims, though, the *Cameron* court explicitly held "there is no reasonable doubt" regarding which subsection should apply, and the court declined to apply the rules of strict construction and lenity reserved for ambiguous statutes. 294 Kan. at 899-900.

Wilson also contends the *Herrmann* court's interpretation of K.S.A. 2015 Supp. 22-3717(d)(1) does not account for other amendments throughout the sentencing scheme. Prior to 2013, K.S.A. 21-6821 provided that any good time and program credit any offender earned would be added to the offender's postrelease supervision term. K.S.A. 2012 Supp. 21-6821(c) and (e)(2). In 2013, the legislature amended K.S.A. 21-6821(c) and (e)(2) so that only offenders convicted of sexually violent crimes must serve any good time and program credits earned while incarcerated as part of their postrelease supervision. L. 2013, ch. 76, sec. 4. Wilson claims the holding in *Herrmann* renders these amendments void because it is impossible to add to a life term.

6

The *Herrmann* court did not expressly address the amendments to K.S.A. 21-6821. It noted, however, that prior to 2013, K.S.A. 22-3717(d)(1)(A)-(C) provided certain terms of postrelease supervision plus any good time or program credit earned. The 2013 amendments removed the language regarding good time and program credits from subparagraphs (A)-(C), reflecting the changes to K.S.A. 21-6821(c) and (e). The legislation added subsection (d)(1)(D) "to provide an exception for persons convicted of sexually violent crimes so that earned good-time and program credits continued to be added to their postrelease supervision period. L. 2013, ch. 133, sec. 13." 53 Kan. App. 2d at 154. Subsection (d)(1)(D) thus clarified that the rule stated in K.S.A. 2015 Supp. 21-6821(c) and (e) regarding good time and program credits applied to those convicted of sexually violent offenses between July 1, 1993 and June 30, 2006. See 53 Kan. App. 2d at 154. Therefore, the *Herrmann* court's reading of the statute did not render K.S.A. 2015 Supp. 21-6821(c) and (e) void for any purpose.

Wilson also encourages us to depart from the holding in *Herrmann*, noting that as a general rule, a decision by one panel of the Court of Appeals does not bind other panels of the Court of Appeals. Under the doctrine of stare decisis, though, once a court has established a point of law, it will generally be followed by the same court and all courts of lower rank in later cases in which the same legal issue is raised. *State v. Spencer Gifts, LLC*, 304 Kan. 755, 766, 374 P.3d 680 (2016). An appellate court should follow precedent "unless clearly convinced that the rule was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from precedent. [Citations omitted.]" 304 Kan. at 766. Wilson has not demonstrated that *Herrmann* was erroneous or is no longer sound.

Wilson pled guilty to a sexually violent offense after June 30, 2006. Applying the holding in *Herrmann*, he is subject to lifetime postrelease supervision pursuant to K.S.A.

7

2015 Supp. 22-3717(d)(1)(G). Accordingly, the district court did not err in sentencing Wilson to lifetime postrelease supervision, and we affirm.

Affirmed.