IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 120,566

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN BURKE ECKERT,
*Appellant*.

SYLLABUS BY THE COURT

1.

Multiplicity is the charging of a single offense in several counts of a complaint or information. The principal danger of multiplicity is that it creates the potential for multiple punishments for a single offense, which is prohibited by the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and § 10 of the Kansas Constitution Bill of Rights.

2.

Questions involving multiplicity are questions of law subject to unlimited appellate review.

3.

When analyzing claims of multiplicity, the overarching inquiry is whether the convictions are for the same offense. There are two components to this inquiry, both of which must be met for there to be a double jeopardy violation: (1) Do the convictions arise from the same conduct? and (2) By statutory definition are there two offenses or only one?

1

4.

When analyzing whether sentences relating to two convictions that arise from unitary conduct result in a double jeopardy violation, the test to be applied depends on whether the convictions arose from the same statute or multiple statutes. If the double jeopardy issue arises from convictions for multiple violations of a single statute, the unit of prosecution test is applied. If the double jeopardy issue arises from multiple convictions of different statutes, the strict-elements test is applied.

5.

The statutory definition of the crime determines what the Legislature intended as the allowable unit of prosecution. There can be only one conviction for each allowable unit of prosecution. The determination of the appropriate unit of prosecution is not necessarily dependent on whether there is a single physical action or a single victim. Rather, the key is the nature of the conduct proscribed.

6.

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. In ascertaining this intent, a court begins with the plain language of the statute, giving common words their ordinary meaning. When a statute is plain and unambiguous, a court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. But if a statute's language is ambiguous, a court may consult canons of construction to resolve the ambiguity.

7.

K.S.A. 2016 Supp. 21-5709(b) is ambiguous regarding the unit of prosecution, so application of traditional canons of statutory construction is necessary to discern its meaning.

8.

Courts must construe a statute to avoid unreasonable or absurd results.


9.

The rule of lenity is a canon of statutory construction applied when a criminal statute is ambiguous to construe the uncertain language in the accused's favor.


10.

Applying traditional canons of statutory construction to K.S.A. 2016 Supp. 21-5709(b), we hold the Legislature intended to tie a single unit of prosecution to multiple items of paraphernalia in indeterminate numbers.


Review of the judgment of the Court of Appeals in an unpublished opinion filed March 4, 2022. Appeal from Miami District Court; AMY L. HARTH, judge. Opinion filed January 20, 2023. Judgment of the Court of Appeals affirming in part and reversing in part the district court is affirmed. Judgment of the district court is affirmed in part and reversed in part.

*Kai Tate Mann*, of Kansas Appellate Defender Office, argued the cause, and was on the briefs for appellant.

*Elizabeth Sweeney-Reeder,* county attorney, argued the cause, and *Rebecca S. Silvermintz*, assistant county attorney, *Jason A. Vigil*, assistant county attorney, and *Derek Schmidt*, attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by


STANDRIDGE, J.:  A jury convicted Justin Eckert of 8 counts of felony possession of drug paraphernalia under K.S.A. 2016 Supp. 21-5709(b)(1) and 17 counts of misdemeanor possession of drug paraphernalia under K.S.A. 2016 Supp. 21-5709(b)(2).

Eckert appealed, arguing his convictions within each statutory subsection were multiplicitous because they relied on multiple items of paraphernalia used for the same purpose as part of a unitary course of conduct. A Court of Appeals panel agreed, finding, at a minimum, K.S.A. 2020 Supp. 21-5709(b) is ambiguous because the term "drug paraphernalia" can be either singular or plural and therefore must be construed in Eckert's favor under the rule of lenity. Alternatively, the panel held the plain language of the statute supports finding one unit of prosecution based on Eckert's intent for possessing drug paraphernalia, not the quantity of paraphernalia possessed. As a result of its holding, the panel reversed 7 of the felony possession convictions and 16 of the misdemeanor possession convictions. *State v. Eckert*, No. 120,566, 2022 WL 628660, at *10, 13 (Kan. App. 2022) (unpublished opinion).

On the State's petition for review, we affirm the Court of Appeals' conclusion that the Legislature intended the term "drug paraphernalia" as used in K.S.A. 2016 Supp. 21-5709(b) to be tied to a single unit of prosecution and that Eckert's drug paraphernalia possession convictions within each statutory subsection of K.S.A. 2016 Supp. 21-5709(b) were multiplicitous. As explained below, however, we reach this result through a different path than the Court of Appeals.

RELEVANT FACTS

In December 2016, Amber Dial reported to the Miami County Sheriff's Office that her boyfriend, Eckert, had beaten her. As a result of these beatings, Dial sustained a head gash that required several staples, three broken ribs, a swollen black eye, multiple bruises all over her body, and a busted lip. Dial testified that Eckert also threatened her at some point with a knife by placing the knife up close to the front of her neck.

4

The day after Dial spoke with law enforcement, officers executed a search warrant at Eckert's home. During the search, officers found a tent, 9 grown marijuana plants, and more than 25 drug paraphernalia objects, including a propane tank and a blower.

The State charged Eckert with aggravated kidnapping, attempted second degree murder, aggravated battery, aggravated assault with a deadly weapon, criminal threat, cultivating marijuana, and intending to use/possess drug paraphernalia. The State later amended the information to include 28 other counts of possession of paraphernalia with intent to manufacture/plant/cultivate controlled substances. Specifically, the State charged Eckert with eight felony counts of possessing drug paraphernalia to manufacture, cultivate, and plant marijuana based on possession of propane, a blower, water jugs, lights, fans, a tent, a ventilation system, and a pump. K.S.A. 2016 Supp. 21-5709(b)(1) (felony possession). The State also charged Eckert with 21 misdemeanor counts of possessing drug paraphernalia to store marijuana and to introduce marijuana into the human body based on possession of 2 bongs, rolling papers, 10 pipes, a roach clip and 3 storage containers. K.S.A. 2016 Supp. 21-5709(b)(2) (misdemeanor possession).

Before trial, the district court dismissed four of the misdemeanor drug paraphernalia charges. A jury ultimately found Eckert guilty of all remaining charges, except the attempted second-degree murder charge. The court sentenced Eckert to a controlling prison sentence of 362 months and 36 months' postrelease supervision. For each felony drug paraphernalia possession conviction, the court sentenced Eckert to 11 months' imprisonment to run concurrent to all other sentences.

On direct appeal, Eckert raised several trial and sentencing issues. Relevant here, he claimed (1) his convictions for possessing drug paraphernalia were multiplicitous and (2) there was insufficient evidence to support two of his drug paraphernalia convictions: the blower and the propane. A Court of Appeals panel agreed with Eckert on the

multiplicity issue, finding the evidence supported a single conviction for felony drug paraphernalia possession under K.S.A. 2016 Supp. 21-5709(b)(1) and a single conviction for misdemeanor drug paraphernalia possession under K.S.A. 2016 Supp. 21-5709(b)(2). The panel reversed the remaining 23 drug paraphernalia possession convictions and vacated the sentences for those convictions. As a result of its decision, the panel did not reach the sufficiency issue. *Eckert*, 2022 WL 628660, at *10, 13.

Eckert and the State filed competing petitions for review. We denied Eckert's petition but granted the State's cross-petition for review and Eckert's conditional cross-petition for review. Jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

ANALYSIS

The State argues the panel erred when it found Eckert's possession of drug paraphernalia convictions were multiplicitous. If we find the panel erred on the multiplicity issue, Eckert argues in his cross-petition that the State presented insufficient evidence to support the propane tank and blower as drug paraphernalia.

"[M]ultiplicity is the charging of a single offense in several counts of a complaint or information." *State v. Thompson*, 287 Kan. 238, 244, 200 P.3d 22 (2009); *State v. Schoonover*, 281 Kan. 453, 475, 133 P.3d 48 (2006). "The principal danger of multiplicity is that it creates the potential for multiple punishments for a single offense, which is prohibited by the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and § 10 of the Kansas Constitution Bill of Rights." *Thompson*, 287 Kan. at 244. Questions involving multiplicity are questions of law subject to unlimited appellate review. *Schoonover*, 281 Kan. at 462.

6

When analyzing claims of multiplicity,

> "the overarching inquiry is whether the convictions are for the same offense. There are two components to this inquiry, both of which must be met for there to be a double jeopardy violation: (1) Do the convictions arise from the same conduct? and (2) By statutory definition are there two offenses or only one?" *Schoonover*, 281 Kan. at 496.

The State concedes all the drug paraphernalia possession convictions arose from the same conduct, as each item was part of the marijuana farm. Thus, our focus is on the second component of the inquiry: whether the conduct constituted one or more offenses by statutory definition. In making this inquiry, the test to be applied depends on whether the convictions arose from the same statute or multiple statutes. If the double jeopardy issue arises from convictions for multiple violations of a single statute, the unit of prosecution test is applied. If the double jeopardy issue arises from multiple convictions of different statutes, the strict-elements test is applied. *Schoonover*, 281 Kan. at 497.

Because Eckert's 25 drug paraphernalia convictions are for multiple violations of a single statute, we answer the second question by applying the unit of prosecution test. See *Schoonover*, 281 Kan. at 497-98. Under the unit of prosecution test, "the statutory definition of the crime determines what the Legislature intended as the allowable unit of prosecution. There can be only one conviction for each allowable unit of prosecution." 281 Kan. at 497-98. "The determination of the appropriate unit of prosecution is not necessarily dependent upon whether there is a single physical action or a single victim. Rather, the key is the nature of the conduct proscribed." 281 Kan. at 472.

Our analysis necessarily begins with the language of K.S.A. 2016 Supp. 21-5709(b):

7

"(b) It shall be unlawful for any person to use or possess with intent to use any drug paraphernalia to:

(1) Manufacture, cultivate, plant, propagate, harvest, test, analyze or distribute a controlled substance; or

(2) store, contain, conceal, inject, ingest, inhale or otherwise introduce a controlled substance into the human body." K.S.A. 2016 Supp. 21-5709(b)(1), (2).

The State argued, and the Court of Appeals held, that the Legislature intended charges under subsection (b)(1) to be a separate unit of prosecution from charges under subsection (b)(2). This conclusion tracks the express language in the statute, which differentiates the nature of the conduct proscribed under subsection (b)(1) (felony convictions for cultivating a controlled substance) from the nature of the conduct proscribed under subsection (b)(2) (misdemeanor convictions for storing a controlled substance). Eckert does not challenge this holding.

Relevant to the issue presented in the State's petition for review, however, the panel found the statutory language within each subsection is ambiguous regarding the nature of the conduct proscribed because the term "drug paraphernalia" can be construed as either a singular or a plural noun. Finding the nature of the conduct, and thus the unit of prosecution, to be ambiguous, the panel held it must be construed in Eckert's favor under the rule of lenity. Alternatively, the panel held "the plain language of the statute supports finding that the unit of prosecution is based on Eckert's intent for possessing the drug paraphernalia, not the quantity of paraphernalia he possessed." *Eckert*, 2022 WL 628660, at *10.

8

In its petition for review, the State argues the panel erred in finding the language within each subsection of K.S.A. 2016 Supp. 21-5709(b) ambiguous regarding the nature of the conduct proscribed. The State claims the plain language of the applicable statute clearly and unambiguously reflects the Legislature's intent to consider each of the 25 individual drug paraphernalia items possessed by Eckert separate and independent units of prosecution. In the State's view, the phrase "*any* drug paraphernalia" in the statute shows that the Legislature clearly intended multiple units of prosecution for each individual item of drug paraphernalia possessed.

The State's claim requires us to interpret K.S.A. 2016 Supp. 21-5709(b). Statutory interpretation is a question of law subject to de novo review. See *Johnson v. U.S. Food Serv.*, 312 Kan. 597, 600-01, 478 P.3d 776 (2021).

"The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. In ascertaining this intent, we begin with the plain language of the statute, giving common words their ordinary meaning. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. But if a statute's language is ambiguous, we will consult our canons of construction to resolve the ambiguity. [Citations omitted.]" 312 Kan. at 600-01.

The State relies on *State v. Booton*, No. 113,612, 2016 WL 4161344, at *10 (Kan. App. 2016) (unpublished opinion), to support its claim that the plain language of the statute reflects the Legislature's intent to consider each of the 25 individual drug paraphernalia items possessed by Eckert separate and independent units of prosecution. There, a jury convicted a defendant of three separate counts of drug paraphernalia possession based on possessing a glass pipe, baggies, and a digital scale. The panel analyzed several prior cases and concluded the term "any" allowed for multiple

9

prosecutions when there were multiple paraphernalia items. 2016 WL 4161344, at *8-10; see *State v. Hulsey*, No. 109,095, 2014 WL 4627486, at *11-12 (Kan. App. 2014) (unpublished opinion) (holding that using "any" in statute criminalizing child pornography supported separate convictions for multiple images), *rev. denied* 302 Kan. 1015 (2015); *State v. Odegbaro*, No. 108,493, 2014 WL 2589707, at *9 (Kan. App. 2014) (unpublished opinion) (the same was true for a statute criminalizing making a false information), *rev. denied* 302 Kan. 1018 (2015); *State v. Odell*, No. 105,311, 2013 WL 310335, at *8 (Kan. App. 2013) (unpublished opinion) (holding that a statute criminalizing traffic in contraband at a correctional institution supported separate convictions for multiple charges).

Although not stated explicitly, the *Booton* holding—and the State's reliance on it—is grounded in an implicit finding that the plain and unambiguous language in K.S.A. 2016 Supp. 21-5709(b) reflects the Legislature intended the term "paraphernalia" to be a singular noun. According to the State, deciding whether the term "paraphernalia" is singular or plural is critical to the outcome here. If we construe the term "paraphernalia" as singular, as the State argues, we reasonably could conclude the Legislature intended to tie a single unit of prosecution to possession of any single *paraphernalia item*. If, however, we construe the term "paraphernalia" as plural, we then could reasonably conclude the Legislature intended to tie a single unit of prosecution to either possession of any single *paraphernalia item* or possession of any number of *paraphernalia items*.

In construing K.S.A. 2016 Supp. 21-5709(b), we begin with its plain language, giving common words their ordinary meaning. But in construing the plain language of the statute of conviction, we also must construe the definitional statute applicable to all crimes involving controlled substances, including the drug paraphernalia possession crimes here. See *Bruce v. Kelly*, 316 Kan. 218, 224, 514 P.3d 1007 (2022) ("[E]ven when the language of the statute is clear, we must still consider various provisions of an act *in*

*pari materia* to reconcile and bring those provisions into workable harmony, if possible.").

The definitional statute defines "drug paraphernalia" to mean "*all equipment* and materials of any kind that are used . . . in . . . cultivating, growing . . . producing, processing, preparing . . . or otherwise introducing into the human body a controlled substance and in violation of this act." (Emphasis added.) K.S.A. 2021 Supp. 21-5701(f).

In terms of grammar and ordinary usage, the word paraphernalia is designated as a noncount or mass noun. See Collins Dictionary, https://www.collinsdictionary.com/us/dictionary/english/paraphernalia (paraphernalia is an uncountable noun); Oxford Learners Dictionaries, https://www.oxfordlearnersdictionaries.com/us/definition/english/paraphernalia?q=parap hernalia (same); Macmillan Dictionary, https://www.macmillandictionary.com/us/dictionary/american/paraphernalia (same); Britannica Dictionary, https://www.britannica.com/dictionary/paraphernalia (same).

Like the word paraphernalia, the word equipment also is designated as a noncount or mass noun in ordinary usage as well. See Collins Dictionary, https://www.collinsdictionary.com/us/dictionary/english/equipment (equipment is an uncountable noun); Oxford Learners Dictionaries, https://www.oxfordlearnersdictionaries.com/us/definition/english/equipment?q=equipme nt (same); https://www.macmillandictionary.com/us/dictionary/american/equipment (same); Britannica Dictionary, https://www.britannica.com/dictionary/equipment (same); Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/equipment (same).

So what is a noncount or mass noun? One well-known dictionary defines it as "a noun that denotes a homogeneous substance or a concept without subdivisions and that in English is preceded in indefinite singular constructions by *some* rather than *a* or *an*." The definition gives examples of "sand" and "water" as mass nouns. Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/mass%20noun. Bryan Garner describes it as a noun which, in some contexts, is neither singular nor plural, but instead is an "aggregation" which is "taken as an indeterminate whole." Garner, *The Chicago Guide to Grammar, Usage, and Punctuation* 22 (2016). The Writing Center at George Mason University puts it this way: "Noncount nouns are the nouns that cannot be counted, and they do not make a distinction between singular and plural forms. Although these nouns may refer to large quantities of things, they act like singular nouns grammatically." https://writingcenter.gmu.edu/writing-resources/grammar-style/count-vs-noncount-nouns.

Adding more ambiguity to the mix, the Merriam-Webster Online Dictionary designates the word "paraphernalia" as a noun "plural in form but singular or plural in construction." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/paraphernalia. This designation refers to a circumstance when a noun that is plural in form takes a singular verb in sentence construction. An example of this is the word "news." Although plural, when used in a sentence we say, "the news is good today" and not "the news are good today." See also American Heritage Online Dictionary, https://ahdictionary.com/word/search.html?q=paraphernalia (designating "paraphernalia" as a plural noun used with a singular or a plural verb); Collins Online Dictionary, https://www.collinsdictionary.com/us/dictionary/english/paraphernalia (noting that paraphernalia is sometimes used with a singular verb and sometimes used with a plural verb).

Based on the plain language of the substantive and definitional statute, and giving common words their ordinary meaning, we conclude the term drug paraphernalia as used in K.S.A. 2016 Supp. 21-5709(b) is an uncounted, mass noun that does not make a distinction between singular and plural forms. For this reason, we cannot discern from the plain language of the statute whether the Legislature intended one unit of prosecution for each separate single item of paraphernalia or one unit of prosecution for multiple items of paraphernalia in indeterminate numbers. Because we find the language of the statute ambiguous as to the unit of prosecution, we employ rules of statutory construction. See *State v. Arnett*, 307 Kan. 648, 653, 413 P.3d 787 (2018) ("If the language of the statute is unclear or ambiguous," the court may turn "to canons of statutory construction, consult legislative history, or consider other background information to ascertain the statute's meaning."). We find two statutory construction tools helpful here: (1) construing statutes to avoid unreasonable or absurd results and (2) construing ambiguous criminal statutes in favor of the accused (rule of lenity).

*Unreasonable or absurd results*

A court "must construe a statute to avoid unreasonable or absurd results." *Arnett*, 307 Kan. at 654. We presume the Legislature "does not intend to enact useless or meaningless legislation. . . . Equally fundamental is the rule of statutory interpretation that courts are to avoid absurd or unreasonable results." *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014).

Under the State's unit of prosecution argument, a defendant could be charged separately for each item of paraphernalia possessed. When asked at oral argument whether a defendant could be charged with 1,000 separate counts of drug paraphernalia possession based on the use or possession with intent to use 1,000 separate plastic baggies to store a controlled substance, the State decisively answered in the affirmative

13

but noted it likely would use prosecutorial discretion to decide whether to charge all 1,000 counts.

Although the question at oral argument was a hypothetical one, the facts here present a good illustration of unreasonable and absurd results if we adopt the State's argument. Two of Eckert's felony convictions result from possession of a propane tank and a blower. When found by law enforcement, the propane tank was connected to the blower to make a heater. The State charged two felony counts—one based on possession of the propane tank and one based on possession of the blower—when it just as reasonably could have charged one felony count based on possession of a heater. In contrast, consider Eckert's felony conviction resulting from possession of fans. A photograph introduced at trial showed law enforcement discovered multiple fans in the grow room. Although the State alleged Eckert to be in possession of more than one fan, the State charged only one felony count based on possession of "fans."

The same goes for the misdemeanor charges. Three of Eckert's misdemeanor convictions result from three separate empty storage containers. The State charged three misdemeanor counts based on possession of the three individual empty containers when it just as reasonably could have charged one misdemeanor count based on possession of empty storage containers. On the other hand, one of Eckert's misdemeanor convictions resulted from possession of rolling papers. Given it was charged in the plural, we reasonably assume Eckert possessed more than one rolling paper. Although the State alleged Eckert to be in possession of more than one rolling paper, the State charged only one misdemeanor count based on possession of rolling papers.

The State's interpretation of K.S.A. 2016 Supp. 21-5709(b) means it has the unfettered discretion to file as many or as few drug paraphernalia possession charges as it wants based on how it arbitrarily groups or separates items. As seen from the examples

above, construing the statute in this way produces unreasonable, absurd, and arbitrary results.

*Rule of lenity*

When faced with ambiguity about whether the Legislature intended one unit of prosecution for each separate single item of paraphernalia or one unit of prosecution for multiple items of paraphernalia in indeterminate numbers, this court applies the rule of lenity. The rule of lenity provides that "'[a]ny reasonable doubt about the meaning [of a criminal statute] is decided in favor of anyone subjected to the criminal statute.'" *State v. Williams*, 303 Kan 750, 760, 368 P.3d 1065 (2016). Here, the rule of lenity overcomes the ambiguity of the statute and supports Eckert's contention that the Legislature intended to tie a single unit of prosecution to multiple items of paraphernalia in indeterminate numbers. See *State v. Coman*, 294 Kan. 84, 97, 273 P.3d 701 (2012) ("If . . . there are two reasonable and sensible interpretations of a criminal statute, the rule of lenity requires the court to interpret its meaning in favor of the accused.").

CONCLUSION

The term "drug paraphernalia" in K.S.A. 2016 Supp. 21-5709(b)(1) and (b)(2) is ambiguous regarding the unit of prosecution within each subsection. Applying canons of traditional statutory construction, we conclude the Legislature intended to tie a single unit of prosecution to multiple items of paraphernalia in indeterminate numbers. We therefore affirm the panel's finding of multiplicity and its decision to reverse all but one felony possession conviction and all but one misdemeanor possession conviction. Given this disposition, we need not address Eckert's claim of insufficient evidence supporting his felony convictions of possession of the propane tank and blower.

The judgment of the Court of Appeals affirming in part and reversing in part the district court is affirmed. The judgment of the district court is affirmed in part and reversed in part.