NOT DESIGNATED FOR PUBLICATION

No. 126,205

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN QUALLS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Submitted without oral argument. Opinion filed September 13, 2024. Affirmed.

*Kasper Schirer*, for Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Kileigh Cerny*, legal intern, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., GREEN and ATCHESON, JJ.

PER CURIAM:  Defendant Justin Qualls contends the Johnson County District Court improperly required him to comply with the Kansas Offender Registration Act, K.S.A. 22-4901 et seq., for life upon his guilty plea to one count sexual exploitation of a child because an ostensibly similar crime requires KORA compliance for 25 years. Qualls identifies no legal error in this apparent anomaly and proposes an unnecessary and illogical fix. We, therefore, affirm the district court's order requiring Qualls to register and report under KORA for life.

1

FACTUAL AND PROCEDURAL HISTORY

Having worked out an agreement with the State, Qualls entered his plea in January 2023 and was sentenced about six weeks later. Qualls admitted to possessing child pornography—a form of sexual exploitation of a child defined in K.S.A. 21-5510(a)(2) as having for sexual or prurient purposes a "visual depiction" of a person less than 18 years old "engaging in sexually explicit conduct." As part of the plea agreement, Qualls admitted that the child depicted in the pornography was younger than 13 years old.

Qualls had no relevant criminal history, and the crime of conviction was a severity level 5 person felony. So Qualls came within a border box of the sentencing grid and faced presumptive incarceration. But consistent with the plea agreement, the district court imposed a standard guidelines sentence of 32 months in prison and placed Qualls on probation for 36 months. In addition to the criminal sentence, the district court ordered Qualls to comply with KORA. Under K.S.A. 22-4906(d)(7), a person convicted of sexual exploitation of a child must register and report for life if the child was less than 14 years old. Based on Qualls' admission during his plea, the district court found K.S.A. 22-4906(d)(7) applied and ordered lifetime KORA compliance.

Qualls has appealed.

ANALYSIS

For his only issue on appeal, Qualls contends he should not have been required to comply with KORA for life. But the precise source of any legal error is difficult to discern from Qualls' appellate argument.

2

Relevant here, the Kansas Supreme Court has consistently held that KORA registration and reporting is not a criminal sentence or a component of a criminal penalty. *State v. Stoll*, 312 Kan. 726, 730-31, 480 P.3d 158 (2022); *State v. Huey*, 306 Kan. 1005, 1009-10, 399 P.3d 211 (2017); see *State v. Buzzini*, 63 Kan. App. 2d 335, 337, 528 P.3d 1024 (2023) ("[T]he Kansas Supreme Court has held that KORA is not considered punishment."). Rather, it is a civil obligation the Legislature has imposed on certain classes of convicted criminals to promote public safety because those offenders pose a heightened risk of either repeating their crimes of conviction or otherwise endangering the community. See *State v. Meredith*, 306 Kan. 906, 911-12, 399 P.3d 859 (2017).

As a legal premise for his argument, Qualls says that his crime of conviction—possession of child pornography under K.S.A. 21-5510(a)(2)—is essentially the equivalent of internet trading in child pornography, criminalized in K.S.A. 21-5514(a) as a severity level 5 person felony. He goes through a detailed analysis of the statutory elements of each. For purposes of resolving the appeal, we assume a close factual similarity of the two crimes.

Qualls then points out that a person convicted of internet trading in child pornography must comply with KORA for 25 years rather than life. K.S.A. 22-4906(b)(1)(I). He contends that is an anomaly, and the anomaly disadvantages him. Given the premise we have assumed, Qualls is correct on both counts. But being disadvantaged by a statutory anomaly does not itself necessarily define a legal injury requiring or permitting a judicial remedy, especially outside the criminal law. Any correction lies with the legislative body enacting the anomalous statute. See *Board of Governors of Federal Reserve System v. Dimension Financial Corp.*, 474 U.S. 361, 374-75 & n.7, 106 S. Ct. 681, 88 L. Ed. 2d 691 (1986) (While "[t]he process of effectuating congressional intent at times may yield anomalies[,]" the Court has enforced even "unwise legislation" in the manner "Congress had written it."); *MCA, Inc. v. United States*, 685 F.2d 1099, 1105 (9th Cir. 1982) (if plain language of tax statute creates

3

loophole, "the remedy lies in new legislation, not in judicial improvisation"); *Ripple v. CBS Corporation*, 385 So. 3d 1021, 1029 (Fla. 2024); *People v. Superior Court of Santa Cruz County*, 87 Cal. App. 5th 373, 379-80, 303 Cal. Rptr. 3d 534 (2023).

Here, Qualls has simply pointed out a statutory difference in KORA between two crimes requiring registration and reporting and has characterized that disparity as unfair to him. Maybe it is. But he has not alleged the disparity to be an actionable legal wrong such as, for example, an equal protection violation. We cannot afford him a remedy for unfairness divorced from an identifiable legal harm.

Even if we were disposed to do so, we would have to rewrite K.S.A. 22-4906, and that is not our business. See *Fisher v. DeCarvalho*, 298 Kan. 482, 498, 314 P.3d 214 (2013). Moreover, might not the proper corrective be to increase the duration of KORA compliance for internet trading in child pornography from 25 years to life? The answer to that question is a public policy determination left to the Legislature. See *State v. Spencer Gifts*, 304 Kan. 755, Syl. ¶ 4, 374 P.3d 680 (2016) ("Questions of public policy are for legislative and not judicial determination, and where the legislature declares a policy, and there is no constitutional impediment, the question of the wisdom, justice, or expediency of the legislation is for that body and not for the courts."); *State v. Baumgarner*, 59 Kan. App. 2d 330, 335, 481 P.3d 170 (2021) ("We do not have the prerogative to recraft a statute to suit our view of tidy drafting or good public policy.").

As Qualls intimates, it may be that the difference in KORA compliance periods resulted from legislative inadvertence rather than a deliberative policy choice. But that does not give his argument any more legal traction. The Legislature criminalized internet trading and aggravated internet trading in child pornography in 2017 and did not add them to the KORA laundry lists of specifically identified crimes requiring registration and reporting until 2022. So their classification in KORA may not have taken into account how possession of child pornography depicting children less than 14 years old

had been classified. But, as we have suggested, legislative inattention does not necessarily create a judicially correctable legal harm.

Qualls further contends that the age of the person depicted in the pornography should be determined as of the date he came into possession of the illicit material and not as of the date it was produced. And he submits doing so would eliminate his purportedly anomalous treatment under KORA.

For purposes of this argument, the parties do not dispute that Qualls possessed the pornography in July 2020. So he contends the State must prove the person depicted was then less than 14 years old to support requiring him to register and report for life under K.S.A. 22-4906(d)(7). For purposes of resolving the appeal, we assume Qualls' admission during the plea referred to the age of the child when the pornography was produced and, therefore, does not undermine his position. Regardless, Qualls' argument is flawed in several respects.

First, nothing in the relevant statutory language supports the meaning Qualls posits. As we have said, the underlying crime requiring Qualls to register under KORA punishes "possession of any visual depiction of a child under 18 years of age." K.S.A. 21-5510(a)(2). The language fairly obviously refers to the age of the child as they are depicted in the image and not at some later time when the particular defendant may have come into possession of the image. If the criminal statute were as Qualls suggests, child pornography circulating in cyberspace and swapped among collectors for a decade or more could not then be prosecuted under K.S.A. 21-5510(a)(2) because the depicted person would no longer be a minor. But that makes no sense since the actus reus and mens rea are tied to defendants acquiring explicit images of children to satisfy their sexual desires or prurient interests. That the images have been around long enough that the children have become adults by the time a defendant acquires the images negates neither the proscribed mental state nor the prohibited act. To construe the criminal statute

5

otherwise amounts to an unreasonable construction in which obvious child pornography would no longer be punishable as such simply through the lapse of time even though the images have never changed. We will not make the leap Qualls invites. See *State v. Eckert*, 317 Kan. 21, Syl. ¶ 8, 522 P.3d 796 (2023) ("Courts must construe a statute to avoid unreasonable or absurd results."); *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014).

The same logic and analysis extend to the KORA compliance term in K.S.A. 22-4906(d)(7) based on the child in the pornography being less than 14 years old. The Legislature intended KORA to promote public safety by requiring defendants convicted of crimes deemed especially antisocial to register and report for extended periods following their convictions. The deleterious behavior underlying a defendant's possession of pornographic depictions of particularly young children is no less so because the defendant acquired the pornography years after it was produced and, therefore, after the children may have reached adulthood. So Qualls' peculiar statutory construction of K.S.A. 22-4906(d) undermines the principal legislative aim behind the requirement he comply with KORA for life. If that requirement and its public policy foundation should be revisited or revised, the task falls to the Legislature and not to this court.

Finally, Qualls tries to bolster his position by pointing out that conduct other than possession of child pornography criminalized in K.S.A. 21-5510(a) considers the age of the child when the wrongful conduct occurs. But the argument overlooks a substantive and controlling difference between possessing child pornography as compared to the other forms of misconduct. Two of the three specifically criminalize causing or permitting a child to engage in sexually explicit conduct. K.S.A. 21-5510(a)(1) (enticing, coercing, or otherwise causing child to engage in sexually explicit conduct for purpose of promoting the conduct); K.S.A. 21-5510(a)(3) (criminalizing actions of parent or guardian in allowing child to participate in sexually explicit conduct). So the criminalized actions directly involve the child and necessarily implicate the child's age at the time.

6

The last subsection criminalizes promoting "any performance" that includes a child's "sexually explicit conduct." K.S.A. 21-5510(a)(4). The statutory definition of "performance" covers live or recorded conduct of the child. K.S.A. 21-5510(d)(3). That makes the crime in subsection (a)(4) a hybrid that turns on the age of the child during a live performance or during a recorded performance later promoted or distributed. Promotion of a recorded performance may occur long after the performance itself and may be prosecuted without regard to the child's age at the time of the promotion. Nothing in the statutory language hints at some divisible consideration of age—the child's age at the time a live performance is promoted in one instance and the child's age at the time a recorded performance is promoted in another instance. The age of the child when rendering the performance covers each, as it would if the live performance were promoted and simultaneously recorded for later distribution and promotion. In short, we could not sensibly impute the use of different ages to the conduct—promotion of a performance—criminalized in K.S.A. 21-5510(a)(4), especially given the unitary reference to the age of the victimized child.

The possession of child pornography is analogous to the promotion of a recorded performance that includes child pornography, so the age of the depicted child should be determined the same way under each subsection of the criminal statute governing sexual exploitation of a child. And, in turn, that determination should govern how to measure the child's age for purposes of triggering lifetime KORA compliance under K.S.A. 22-4906(d)(7) based on convictions for sexual exploitation of a child when the child is less than 14 years old. The almost inevitable logic of that conclusion shreds Qualls' argument that the duration of KORA compliance for possession of child pornography, as a form of sexual exploitation of a child, should be governed by the age of the victim depicted in the illegal images as of the date a defendant acquires those images, recognizing they may have been produced years and even decades earlier.

7

Other panels of this court have rejected the argument Qualls has now presented to us. See *State v. Entsminger*, No. 124,800, 2023 WL 2467058, at *5 (Kan. App. 2023) (unpublished opinion); *State v. Kewish*, No. 121,793, 2021 WL 4352531, at *6 (Kan. App. 2021) (unpublished opinion); *State v. Haynes*, No. 120,533, 2020 WL 741458, at *6 (Kan. App. 2020) (unpublished opinion). We join them and find Qualls' contention to be without merit.

Affirmed.